# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIANA MONAGAS, ET AL.,<br>　　　Plaintiffs,<br><br>　　　v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., et al.,<br>　　　Defendants. | No. 3:13cv927 (MPS) |

## RULING ON MOTION TO REMAND

Plaintiffs filed a motion to remand [Doc. # 14] following the removal of this action from state court by Defendants Samsung Electronics America, Inc. and Sears Roebuck & Co. The motion to remand is based on the following arguments: (1) that the Defendants failed to obtain consent from a third defendant named in the Complaint, Samsung Electronics Corporation ("SEC"), in violation of 28 U.S.C. § 1446(b)(2)(A), and (2) the notice of removal was untimely under 28 U.S.C. 1446(b)(1). For the following reasons, Plaintiffs' Motion to Remand is denied.

## I.　　CONSENT

Plaintiffs first argue that this case should be remanded to state court because one of the defendants, SEC, did not consent to the removal. It is true that, as a general matter, where there are multiple defendants to an action, all of the defendants must consent to removal to federal court. 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). However, courts have recognized an exception to this so-called "unanimity rule," namely, that removing defendants are not required to obtain consent from a defendant who has not been properly served at the time of removal. *Benson v. Unilever U.S., Inc.*, 884 F. Supp. 2d 708 (S.D. Ill. 2012); *Nat'l Waste Assocs., LLC v. TD Bank, N.A.*, 2010 U.S. Dist. LEXIS

46730, n.10 (D. Conn. May 12, 2010) (noting an exception to the unanimity rule exists when a non-joining defendant has "not been served with process at the time the removal petition is filed"); *see also* § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), *all defendants who have been properly joined and served must join in or consent to the removal of the action*.") (emphasis added).  The question, therefore, is whether SEC had been properly served at the time of removal.  If not, the removing defendants were not required to obtain SEC's consent in order to remove the case to federal court.

I agree with Defendants that SEC was not properly served before the petition for removal was filed.  Rule 4(h)(2) of the Federal Rules of Civil Procedure governs service of process upon corporations outside of the judicial district of the United States—such as SEC—and states that service must be made in any manner prescribed by Rule 4(f).  Fed. R. Civ. Pro. 4(h)(2).  Rule 4(f) governs the service of individuals outside of the United States, and provides that an individual outside of the United States may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," Fed. R. Civ. Pro. 4(f)(1), unless such an agreed means of service does not exist, *see* Rule 4(f)(2), or by other means not prohibited by international agreement, as the court orders otherwise, *see* Rule 4(f)(3).  South Korea, the country in which SEC is located, is a signatory to the Hague Convention on the Service of Process Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (hereinafter " the Hague Convention").  Therefore, an "internationally agreed means of service" existed in this case, and under Rules 4(f) and 4(h)(2), Plaintiff was required to serve SEC according to those agreed means, *i.e.*, the means set forth in the Hague Convention.

The Hague Convention establishes a specific procedure by which international service of process is to be made.  Under the Convention, service of process must be made through a "Central Authority" in the destination country who is responsible for effectuating international service of process.  *See* Hague Convention arts. 1-6, Nov. 15, 1965, 20 U.S.T. 36.  Along with the relevant judicial documents, the party wishing to serve an international defendant must provide the Central Authority with a "request conforming to the model annexed" to the Convention.  *Id.* art. 3.  The Central Authority then arranges to have the process served either by a method prescribed by its internal law or by a particular method requested by the applicant, provided the requested method is compatible with the country's internal law.  *Id.* art. 5.

Article 10 of the Convention does provide that the Convention shall not interfere with "the freedom to send judicial documents, by postal channels, directly to persons abroad." However, this provision applies only if the destination country does not object to it.  I take judicial notice of the fact that the destination country in this case, South Korea, objected to Article 10 via declaration.  The text of that declaration is available on the Hague Convention's website,                    www.hcch.net.                              (exact                    link: http://www.hcch.net/index_en.php?act=status.comment&csid=408&disp=resdn)   Thus, service of process from the United States to South Korea must comply with the procedure described above.

Here, it is clear that Plaintiff attempted to serve SEC via postal mail, not the procedures outlined in the Hague Convention.  For example, it is undisputed that Plaintiff did not submit the appropriate request to South Korea's Central Authority responsible for service of process. Service was therefore improper under Rule 4(f) because it violated the Hague Convention on

Service of Process Abroad.  Accordingly, because SEC had not been properly served at the time of removal, its consent was not necessary under 28 U.S.C. § 1446(b)(2)(A).

## II.    TIMELINESS

Plaintiffs also argue that the removal was untimely under 28 U.S.C. 1446(b)(1), which requires that notice of removal be filed within 30 days of the receipt by the defendant, through service or otherwise, of a copy  of the initial pleading.  I note that, because 28 U.S.C. § 1446(b)(2)(C) codifies the so-called "later-served rule," this time period began to run once Samsung Electronics America was served because it was the later-served defendant.  Exhibit D to Defendants' opposition brief makes clear that Samsung Electronics America was served with the summons and complaint on May 31, 2013.  Thirty days from May 31 is June 30, 2013.  Because June 30 was a Sunday, the deadline for removal by Samsung Electronics America was then extended to July 1, 2013 by application of Local Rule 6 and Federal Rule of Civil Procedure 6(a)(1)(C), which provides that if the last day of a time period ends on a Saturday or Sunday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday.  At least one other judge in this district has applied this rule to the time period in which a defendant may remove an action, as have courts in several other districts.  *Despres v. Ampco-Pittsburgh Corp.*, 577 F. Supp. 2d 604, 609 (D. Conn. 2008); *see also Froehlich v. CACH, LLC*, 289 F.R.D. 454, 455 (S.D. Ohio 2013); *King v. Knoll*, 399 F. Supp. 2d 1169, 1173 n.13 (D.Kan.2005); *Howard v. CitiFinancial, Inc.*, 195 F. Supp. 2d 811, 819 (S.D. Miss. 2002); *Oseekey v. Spaulding Fibre Co., Inc.*, 655 F. Supp. 1119, 1122 n.4 (W.D.N.Y. 1987).  Because I find that the deadline for Defendants to file a notice of removal was July 1, 2013, and because Defendants' notice of removal was filed on that date, removal was timely.

For these reasons, Plaintiffs' motion to remand [Doc. # 14] is DENIED.

IT IS SO ORDERED.


_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
              November 7, 2013